UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sonia Cruz Quiceno,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>Michael Segal,<br><br>　　　　　Respondent. | Case No. 23-cv-358 (NEB/DJF)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This matter is before the Court on Petitioner Sonia Cruz Quiceno's Verified Petition for an Expedited Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1).[1] The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1. Finding no hearing necessary, the Court recommends that Ms. Quiceno's Petition be denied and this matter be dismissed with prejudice.[2]

## BACKGROUND

Ms. Cruz Quiceno is incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca") serving a 134-month term of imprisonment, followed by a 5-year term of supervised release, for Conspiracy to Distribute 5 or More Kilograms of Cocaine for the Purpose of Unlawful Importation, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 952, 959, 960, 963. (*See*

---

[1] The Court also received and considered Ms. Quiceno's Memorandum in Support of Expedited Petition (ECF No. 2), and her reply (ECF Nos. 10, 11) and supplemental reply (ECF Nos. 19, 20) to the Government's responses (ECF Nos. 7, 13).

[2] As set forth below, there are no material facts in dispute. Accordingly, an evidentiary hearing is unnecessary. *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996).

ECF Nos. 8 ¶ 3; 8-1 (Ex. A) at 2).[3] Her projected release via Good Conduct Time is August 24, 2023. (ECF No. 8-1 (Ex. A) at 1.)

Ms. Cruz Quiceno is a Colombian national. (ECF No. 2 at 1.) She entered the United States in 2007 pursuant to a significant public benefit parole. (ECF No. 14 ¶ 4.) In November 2009, a court in the United States District Court for the Southern District of New York convicted Ms. Cruz Quiceno of Conspiracy to commit money laundering, in violation of Title 18 U.S.C. 1956(h), and sentenced her to time served. (*Id.* ¶ 5.) According to Respondent, the United States Immigration and Customs Enforcement ("ICE") subsequently arrested Ms. Cruz Quiceno and served her a Notice to Appear ("NTA") for removal proceedings. (*Id.* ¶ 6; ECF No. 14-1 (Ex. A).) Ms. Cruz Quiceno alleges she never received or even saw the NTA. (ECF No. 16 at 2.)

The NTA charged Ms. Cruz Quiceno as an arriving alien and included three charges of inadmissibility under sections 212(a)(7)(A)(i)(I), (2)(A)(i)(I), and (2)(I) of the Immigration and Nationality Act, as amended ("INA"). (ECF No. 14 ¶ 6; ECF No. 14-1 (Ex. A).) Specifically, the NTA charged that Ms. Cruz Quiceno was: (1) an immigrant who at the time of application for admission, was not in possession of a valid unexpired immigrant visa, re-entry permit, border crossing card, or other valid entry document required by the INA; (2) an alien who has been convicted of, or who admits to having committed, or who admits to committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and (3) an alien who has engaged, is engaging, or seeks to enter the United States to engage in an offense which is described in 18 U.S.C. §§ 1956 or 1957. (ECF No. 14 ¶ 6; ECF No. 14-1 (Ex. A).) The NTA did not indicate a

---

[3] The Court originally sentenced Ms. Quiceno to 168 months in prison but reduced the term pursuant to a retroactive change in the sentencing guidelines. (*See* ECF No. 8-1 (Ex. A) at 2); *see also* ECF No. 2 at 2.)

time, date, or location for the removal proceedings. (*See* ECF No. 14-1 (Ex. A) (stating that the time, date, and location will be set at a later time).) The NTA similarly did not advise Ms. Cruz Quiceno of her right to be represented by counsel or the consequences of failing to appear at the removal proceedings, as required under 8 U.S.C. § 1129 (a).

In December 2009, Ms. Cruz Quiceno departed the United States on her own accord. (ECF No. 14 ¶ 7.) In November 2010, an immigration judge ordered Ms. Cruz Quiceno removed from the United States *in absentia*. (ECF No. 14 ¶ 8; ECF No. 14-2 (Ex. B) ("Final Order of Removal").) According to Respondent, the Final Order of Removal has not yet been executed and remains valid and in place.[4] (ECF No. 14 ¶ 9.)

In February 2014, Ms. Cruz Quiceno re-entered the United States in law enforcement custody pursuant to a significant public benefit parole. (ECF No. 14 ¶ 10.) In September 2014, she was convicted of the crimes for the sentence she is currently serving. (*Id.* ¶ 11.)

In December 2018, the First Step Act ("FSA") became law. *See* 18 U.S.C. § 3632. The FSA contains various carceral reforms, including the potential for certain federal inmates to reduce the length of their sentences by accumulating and applying "Time Credits." *See id.* Specifically, the FSA provides, "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute which they may apply towards prerelease custody or supervised release. *Id.* section 3632(d)(4). But the statute also provides,

---

[4] The Final Order of Removal states, "[t]he respondent was provided written notification of the time, date and location of the respondent's removal hearing. The Respondent was also provided a written warning that failure to attend this hearing, for other than exceptional circumstances, would result in the issuance of an order of removal in respondent's absence provided that removability was established." (ECF No. 14-2 (Ex. B).)

3

"[a] prisoner is ineligible to apply [FSA Time Credits] if the prisoner is the subject of a final order of removal under any provision the immigration laws." *Id.* section 3632(d)(4)(E)(i).[5]

Ms. Cruz Quiceno seeks immediate release. (*See* ECF Nos. 1, 2, 10, 19.) She argues she is unlawfully detained because she has earned 365 days of FSA Time Credits, which if applied, would have resulted in her release to ICE in August 2022. (*See* ECF Nos. 1, 2.) The Government objects to Ms. Cruz Quiceno's release on the ground that she is ineligible to apply any FSA time credits because she is subject to a Final Order of Removal. (*See* ECF Nos. 7, 13, 21). Mr. Cruz Quiceno contends the Final Order of Removal is invalid and therefore does not preclude her from applying her FSA Time Credits. (*See* ECF No. 16.)

## DISCUSSION

### I. The Final Order of Removal

The Court first addresses Ms. Cruz Quiceno's challenge to the validity of the Final Order of Removal before turning to the merits of her Petition. Ms. Cruz Quiceno claims she never received the NTA and was unaware of it until Respondent filed it as an exhibit in this matter. (ECF No. 16 at 2.) She argues she had no knowledge of any immigration proceedings commenced against her, and there is no proof to establish she was ever properly served. (*Id.* at 3-4.) She further argues that, even if she had been served, the NTA is defective because it does not include the time, date, or location of any hearing, or provide a warning that failure to attend the hearing could result in the issuance of an order for removal in her absence. (*Id.* at 3.) Ms. Cruz Quienco argues on these grounds that the Final Order of Removal is invalid because the immigration court lacked jurisdiction to order her removal. (*Id.* at 4.)

---

[5] In January 2022, the BOP finalized a new rule codifying its procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et seq.* The new rule does not impact the Court's analysis or conclusion.

4

Although the Court recognizes Ms. Quiceno's concerns regarding the Final Order of Removal, it lacks jurisdiction over her challenge to its validity.  Rather, that authority lies solely with the appropriate circuit court of appeals.  8 U.S.C. § 1252 (a)(5); *see also Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) ("[A] petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion."); *Anyanwu v. Bd. of Immigr. Appeals*, Civ. No. 18-707 (NEB/TNL), 2018 WL 5660158, at *3 (D. Minn. Sept. 27, 2018) (holding district court lacked jurisdiction to consider petitioner's habeas challenge to his deportation order).

Moreover, to the extent Ms. Cruz Quiceno seeks to collaterally attack her Final Order of Removal, or challenge whether she received proper notice prior to the issuance of the Final Order Removal, there are established procedures for her to do so within the framework of immigration proceedings, which she has not yet followed.  *See* 8 U.S.C. § 1003.23(b)(ii).  Specifically, an *in absentia* removal order may be reopened or rescinded if the petitioner "files a motion demonstrating the petitioner did not receive notice of the removal proceedings or was in 'Federal or State custody' preventing him or her from attending the hearing."  *Gallegos v. Garland*, 25 F.4th 1087, 1093 (8th Cir. 2022) (citing 8 U.S.C. § 1229a(b)(5)(C)(ii)).  Ms. Cruz Quiceno must file any such motion with the immigration court having administrative control over the Record of Proceedings.  8 U.S.C. § 1003.23(b)(ii).  Unless and until Ms. Cruz Quiceno avails herself of the proper procedures to effectively challenge her Final Order of Removal, it remains valid, and the Court must evaluate her habeas petition on that basis.

## II.    The Habeas Petition

Ms. Cruz Quiceno argues she is currently unlawfully detained because she has earned 365 days of FSA Time Credits, which should have been applied to effect her release to ICE in August 2022. (*See* ECF Nos. 1, 2.) But the FSA clearly states that "[a] prisoner is ineligible to apply [FSA Time Credits] if the prisoner is the subject of a final order of removal under any provision the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). Because Respondent has established Ms. Cruz Quienco is subject to a Final Order of Removal (ECF No. 14 ¶ 8; ECF No. 14-2 (Ex. B)), which neither the immigration court nor the appellate court has found it to be invalid, she is not eligible to apply any FSA Time Credits she may have earned. The Court recommends her Petition be denied and this matter dismissed with prejudice for these reasons.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT**:

1.    Ms. Cruz Quiceno's Verified Petition for an Expedited Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. [1]) be **DENIED**; and

2.    This matter be **DISMISSED WITH PREJUDICE**.

Dated:  April 21, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).