# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SONIA CRUZ QUICENO, | Case No. 23-CV-358 (NEB/DJF) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| MICHAEL SEGAL, FCI Waseca Warden, | |
| Respondent. | |

This matter is before the Court on Sonia Cruz Quiceno's petition for an expedited writ of habeas corpus under 28 U.S.C. Section 2241. Cruz Quiceno, proceeding *pro se*, argues that she is unlawfully detained at the Federal Correctional Institution in Waseca, Minnesota. Cruz Quiceno has earned 365 days of time credits under the First Step Act of 2018. If the time credits were applied to her sentence, Cruz Quiceno would have been released in August 2022. In a Report and Recommendation ("R&R"), United States Magistrate Judge Dulce J. Foster recommends that this Court deny Cruz Quiceno's petition and dismiss this action with prejudice. Judge Foster reasons that Cruz Quiceno is ineligible for time credits because she is subject to a final order of removal, and even if her removal order were wrongly issued, this Court lacks jurisdiction to review its validity. Cruz Quiceno objects. The Court overrules her objection and accepts the R&R.

## BACKGROUND

The R&R details the facts and procedural history of this case, (ECF No. 22 ("R&R") at 1–4), which are undisputed. The Court incorporates the R&R's summary and provides only the facts necessary for context.[1]

Cruz Quiceno is a Colombian national. (*Id.* at 2.) She entered the United States in 2007 under a significant public benefit parole. (*Id.*) Two years later, Cruz Quiceno was convicted in federal court of conspiracy to commit money laundering. (*Id.*) She was sentenced to time served. (*Id.*) Immigration and Customs Enforcement ("ICE") then arrested Cruz Quiceno and served her a notice to appear ("NTA"). (*Id.*) The NTA charged Cruz Quiceno as arriving to the United States as an alien and included three charges of inadmissibility under the Immigration and Nationality Act. (*Id.*; *see also* ECF No. 14-1 (the NTA).) The NTA did not list the time, date, or location of Cruz Quiceno's removal proceeding. (R&R at 2–3.) The NTA also did not advise Cruz Quiceno of her right to be represented by an attorney, nor the consequences of failing to appear at the proceeding. (*Id.* at 3.) Cruz Quiceno voluntarily left the United States in 2009. (*Id.*) The next year, an immigration judge ordered her removed from the United States *in absentia*. (*Id.*)

Cruz Quiceno returned to the United States in early 2014, again under a significant public benefit parole. (*Id.*) Later that year, she was convicted of conspiracy to distribute five or more kilograms of cocaine for the purpose of unlawful importation. (*Id.* at 1, 3.)

---

[1] When the Court cites the R&R, it incorporates the citations it contains.

Cruz Quiceno is serving her 134-month sentence for that conviction at the Federal Correctional Institution in Waseca. (*Id.* at 1.)

Under the First Step Act of 2018, federal inmates may reduce the length of their sentences by accumulating and applying "Time Credits." 18 U.S.C. § 3632(d)(4). "A prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn . . . 10 days of time credits for every 30 days of successful participation" in programming. *Id.* § 3632(d)(4)(A)(i). The time credits "shall be applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). But prisoners who are "the subject of a final order of removal under any provision of the immigration laws" are ineligible for credits. *Id.* § 3632(d)(4)(E)(i).

Cruz Quiceno petitions for her immediate release. (R&R at 4.) She argues that she has earned 365 days of time credits, and so she should have been released to ICE last August. (*Id.*) The government argues that Cruz Quiceno is ineligible for time credits because she is subject to a final order of removal. (*Id.*) Cruz Quiceno presses that her removal order is invalid because it did not include the date, time, or location of her hearing, nor did it provide a warning that her failure to attend may result in an order of removal. (*Id.*) The R&R reasons that this Court lacks subject-matter jurisdiction to review the validity of Cruz Quiceno's final order of removal. (*Id.* at 5–6.) Given that Cruz Quiceno is subject to a removal order, the R&R concludes that she is ineligible for time

3

credits, and it recommends dismissal of her habeas petition. (*Id.* at 6.) Cruz Quiceno objects to the R&R's conclusion about jurisdiction. (ECF Nos. 25, 27.)

## ANALYSIS

The Court reviews *de novo* the portions of the R&R to which there is an objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Cruz Quiceno argues that the R&R erred when it concluded that this Court lacks jurisdiction to review the validity of her final order of removal.[2] (ECF Nos. 25, 27.)

Under 8 U.S.C. Section 1252(a)(5), the "sole and exclusive means for judicial review of an order of removal" is to file a "petition for review" with "an appropriate court of appeals." In habeas proceedings involving removal orders, a district court's review is limited to "whether the petitioner is an alien," "whether the petitioner was ordered removed under such section," and "whether the petitioner can prove . . . that the petitioner is an alien lawfully admitted for permanent residence, . . . admitted as a refugee . . . or has been granted asylum." *Id.* § 1252(e)(2). "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.* § 1252(e)(5).

---

[2] After the R&R's issuance, the Court received a second supplemental reply from Cruz Quiceno detailing her argument in support of this Court's jurisdiction. (ECF No. 23.) The reply was stricken as untimely. (ECF No. 24.) Then, in a one-page objection to the R&R, Cruz Quiceno requested to incorporate her second supplemental reply by reference. (ECF No. 25 at 1.) The Court granted the request, and it instructed the Clerk's Office to refile Cruz Quiceno's second supplemental reply as an objection to the R&R. (ECF No. 26.) The refiled second supplemental reply is a pending objection. (*See* ECF No. 27.)

Cruz Quiceno insists that she is not seeking "review" of her final order of removal, but habeas relief, so this Court has jurisdiction. (ECF No. 27 at 2.) She misstates the law. "[D]istrict courts lack subject-matter jurisdiction over claims that directly or indirectly challenge removal orders." *Hillary K. v. DHS-ICE*, No. 19-CV-2965 (PJS/KMM), 2020 WL 1922570, at *3 (D. Minn. Apr. 21, 2020); *see also Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441 (2d Cir. 2017) ("[T]he term 'judicial review of an order of removal,' as used in Section 1252(a)(5), encompasses both 'direct' and 'indirect' challenges to removal orders."), *as amended* (Jan. 9, 2018). As the R&R reasons, the First Step Act excludes prisoners who are subject to a final order of removal from the time-credits program. (R&R at 6); *see also* § 3632(d)(4)(E)(i). Cruz Quiceno remains subject to a removal order. (*See* ECF No. 14-2.) No immigration or appellate court has held that order invalid. Cruz Quiceno is therefore lawfully detained because she is ineligible for time credits. The Court overrules Cruz Quiceno's objection, accepts the R&R, and denies her habeas petition.[3]

---

[3] Cruz Quiceno's two remaining arguments ignore this Court's lack of jurisdiction. First, she argues that a "limited review" is appropriate to determine whether ICE served her with an NTA. (ECF No. 27 at 3.) Again, Section 1252(e)(5) is a jurisdictional bar to claims about entitlement to relief from removal. Second, Cruz Quiceno argues that her removal order would not sustain a conviction for illegal reentry under 8 U.S.C. Section 1326(d). (*Id.*) Section 1326(d) provides defendants a means to contest the validity of a deportation order, but it applies only in criminal proceedings. It is Section 1252(a)(5), not Section 1326(d), that governs Cruz Quiceno's habeas petition. Accordingly, this Court lacks jurisdiction to review her removal order.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Cruz Quiceno's First Objection (ECF No. 25) is OVERRULED;

2. Cruz Quiceno's Second Objection (ECF No. 27) is OVERRULED;

3. The Report and Recommendation (ECF No. 22) is ACCEPTED;

4. Cruz Quiceno's Verified Petition for an Expedited Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED; and

5. The above-captioned matter is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 6, 2023

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge